# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RODNEY HILL,**

    **Petitioner**

v.                                                             **Civil Action No. 5:09cv19**
                                                                        **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

On February 12, 2009, the Court received a new case from the petitioner titled "Order to Cause for a (sic) Injunction, a Temporary Restraining Order." In the "Order to Cause," the petitioner asserts that an injunction should issue upon his complaint of lost good time credits. The petitioner supports his "Order to Cause" with an affidavit that states he is a federal inmate incarcerated at the Hazelton Penitentiary in West Virginia. He further states that he is being held pursuant to a 17½ year sentence imposed by the United States District Court for the Northern District of Illinois. The petitioner also states that he is losing good credit time ("GCT") due to the negligence of an employee of the Federal Bureau of Prisons.

Accompanying the "Order to Cause" and affidavit was a letter. In the letter, the petitioner states that he is "writing in regards of a problem that [he] is having" at the Hazelton Penitentiary. The petitioner then states that he would like to file a habeas application pursuant to 28 U.S.C. § 2241. The petitioner further states that he is seeking relief because he is being unlawfully

discriminated against for having a learning disability. He states that the alleged discrimination results in the loss of good time credits and affects the conditions of his confinement.

The petitioner's "Order to Cause" did not specifically state under what authority it was being filed. However, because the petitioner's "Order to Cause" challenged the loss of good time credits,[1] and because he expressly stated in his letter that he wished to file a § 2241 habeas corpus petition, the "Order to Cause" was construed as a § 2241 habeas petition and filed accordingly.

The petitioner was advised as early as March 12, 2009, that his case had been construed as a § 2241 habeas corpus action. See Dckt. Nos. 11 (Order Denying Appointment of Counsel) and 12 (Order Granting IFP). Moreover, the petitioner was granted two extensions of time to pay the required habeas fee of $5.00. After payment of the fee on June 15, 2009, the Court directed the respondent to show cause why the writ should not be granted (dckt. 25). The respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment on July 17, 2009 (dckt. 30). Because of the petitioner's *pro se* status, the Court issued a Roseboro Notice on July 21, 2009 (dckt. 33). The petitioner filed a response to the respondent's motion on September 28, 2009 (dckt. 48).[2]

## II. The Respondent's Motion

In its motion, the respondent notes that the petitioner is currently serving a 210-month federal sentence for a bank robbery conviction. Moreover, the respondent construes the petitioner's claim as a challenge to his "Education Assignment of GED Unsatisfactory." According to the respondent,

---

[1] A habeas corpus petition under 28 U.S.C. § 2241 is used to attack the manner in which a sentence is executed. See 28 U.S.C. § 2241. More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973) A loss of good time credit challenges the fact or length of confinement and is properly raised under § 2241 as a challenge to the execution of a sentence. *Id.*

[2] The petitioner was granted an extension of time to file his response.

2

the petitioner's initial sentence computation included credit for all potential GCT available at the maximum rate of 54 days per year. As such, his original computation, including prior custody credit, resulted in a projected release date of September 28, 2013. However, because the petitioner subsequently received an education assignment of GED Unsatisfactory,[3] he was not eligible to earn the full 54 days of GCT each year. Instead, the petitioner was only eligible to accrue a maximum of 42 days of GCT each year during certain time periods.[4] Recalculating the petitioner's projected release date using the periods of 42 days GCT a year, his new projected release date was determined to be March 27, 2014. Thus, the respondent asserts that the unsatisfactory education assignment resulted in a net loss of 120 days of potential GCT earnings.[5]

Subsequently, however, the petitioner's record was reviewed and the unsatisfactory education assignment was found to be in error. Therefore, it was removed from the petitioner's record and the 120 days of potentially lost GCT has been restored. Thus, the petitioner's new projected release date is currently December 18, 2013.[6]

The respondent seeks dismissal of this action for the following reasons:

(1) failure to exhaust administrative remedies; and

(2) mootness.

---

[3] According to the respondent, an education assignment of GED Unsatisfactory means that the inmate is not making satisfactory progress toward earning a GED. Motion (dckt. 31) at 3.

[4] The time periods in which the petitioner earned only 42 days of GCT a year are listed in the respondent's motion. Motion (dckt. 31) at 3. Because the time periods are not relevant to the merits of the petitioner's claim, the Court will not outline those periods in this Order.

[5] On top of that, the petitioner also lost GCT due to multiple disciplinary proceedings. However, the loss of those days are not at issue here.

[6] This calculation includes the GCT lost due to the petitioner's multiple disciplinary sanctions.

### III. Analysis

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

Here, the petitioner's record has been reviewed and the unsatisfactory education assignment has been removed. Moreover, the 120 days of potentially lost GCT have been restored. Had the petitioner's habeas petition been successful, he would have, at most, been entitled to removal of the challenged assignment and restoration of the lost GCT. Since both have already occurred, the Court can no longer offer the petitioner any meaningful relief and this case is moot.[7]

The undersigned notes, however, that the petitioner objects to his case being dismissed as moot in his response to the respondent's motion. Specifically, the petitioner asserts that he filed his case as request for an injunction and his case was not intended to be a § 2241 habeas corpus action. Moreover, the petitioner asserts that he has not had a prior opportunity to object to the "recharacterization" of his motion into a § 2241 petition. The petitioner asserts that he intended to file this case as a civil action for discrimination action and a violation of the privacy act.

First, the Court notes that the petitioner's case was not clearly identified when it was filed. However, based on the issue raised, loss of good time credit, and the statements made in the

---

[7] Because the case is moot, the respondent's exhaustion argument is irrelevant and will not be addressed in further detail.

accompanying letter,[8] the undersigned believes that the Court properly construed the case as a § 2241 action. Second, the petitioner was aware that his case was being considered a § 2241 habeas petition as early as March 12, 2009. The petitioner did not pay his filing fee until June 15, 2009 and the case was therefore not served upon the respondent until June 17, 2009. The respondent filed its motion to dismiss until July 17, 2009, and it was another two months until the petitioner filed his response. Thus, despite his contention to the contrary, the petitioner had ample time and opportunity to object to or correct the Court's construction of his case, prior to the Court making any decision on the merits of his claim.

## IV. Recommendation

Accordingly, for the reasons set forth herein, the undersigned recommends that the respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (dckt. 30) be **GRANTED** and the petitioner's § 2241 habeas petition (dckt. 1) be **DISMISSED with prejudice** from the active docket of this Court, to the extent that it challenges the unsatisfactory education assignment related to lost GCT. To the extent the petitioner asserts claims of discrimination and privacy act violations, those claims should be **DISMISSED**.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections as set forth above will result in the waiver of

---

[8] It appears from a letter received by the Court on June 17, 2009 (dckt. 24), that the petitioner may have been referring to another § 2241 motion. However, in construing this case for docketing purposes, the Court could only rely on the information it had available at that time.

the right to appeal from a judgment of this Court based upon this Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: October 23, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE