IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RODNEY HILL,

    Petitioner,

v.                                       Civil Action No. 5:09CV19
                                                      (STAMP)
UNITED STATES OF AMERICA,
MS. D. BLAKNEY,
Supervisor of Education,
MR. J. BOLYAR,
Associate Warden of Industies (sic),
and MS. P. BUTLER, Unit Manager,

    Respondents.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

The pro se[1] petitioner, Rodney Hill, has filed a document titled "Order to Cause for a (sic) Injunction, a Temporary Restraining Order," which requests that he be restored lost good time credits. The petitioner also attached an affidavit and a letter. The affidavit states he is suffering from cruel and unusual punishment from losing good credit time ("GCT") at The United States Penitentiary – Hazelton ("USP – Hazelton") because of a Bureau of Prisons ("BOP") employee's alleged negligence. He further states that he is incarcerated for seventeen and a half years after being sentenced by the United States District Court for the Northern District of Illinois. In the letter, the petitioner

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

states that he would like to file a petition pursuant to 28 U.S.C. § 2241 because of the alleged negligent act. He further alleges that he lost his GCT because the employee discriminated against him for having a learning disability. Finally, the petitioner states that he was denied access to the law library while he was in the segregation housing unit ("SHU").

The petition was referred to United States Magistrate Judge John S. Kaull for preliminary review pursuant to Local Rule of Prisoner Litigation Procedure 83.09. The magistrate judge construed the petitioner's petition as a § 2241 habeas corpus petition. Thereafter, the respondents filed a motion to dismiss, or in the alternative, a motion for summary judgment. This Court issued a Roseboro notice, to which the petitioner filed a response. In their motion to dismiss, the respondents construe the petitioner's claim as a challenge to his "Education Assignment of GED Unsatisfactory." This assignment of GED Unsatisfactory resulted in the petitioner losing 120 days of potential GCT earnings. The petitioner's record was subsequently reviewed and the unsatisfactory education assignment was found to be in error. The assignment was removed from the petitioner's record and the 120 days of potentially lost GCT was restored. The respondents believe that this Court should dismiss this action for failure to exhaust administrative remedies and mootness. In his response to the motion to dismiss, the petitioner argues that the complaint was about learning disability discrimination and that he did exhaust

his administrative remedies.  For the first time, the plaintiff states that his petition should be granted under the Privacy Act and he asks for damages.  He further argues for the first time that his pay grade was unlawful and was cruel and unusual punishment to a person with a disability.  He also contends that the BOP deprived him of liberty because of his disability and that he should have been given a hearing on his learning disability before trial.

Following review of the motion, Magistrate Judge Kaull submitted a report and recommendation.  In his report and recommendation, the magistrate judge stated that the BOP reviewed the petitioner's record and removed the unsatisfactory education assignment and restored his GCT.  The magistrate judge found that the BOP's actions in removing the unsatisfactory label and restoring the GCT awarded the petitioner the remedy he would have received from a successful habeas petition.  The magistrate judge further stated that he correctly construed the petitioner's petition as a § 2241 motion and that the petitioner had plenty of time to object to that construction.  The magistrate judge recommended that the respondents' motion to dismiss be granted and that the petitioner's § 2241 petition be dismissed with prejudice.

The petitioner filed two separate objections. On November 3, 2009, the petitioner argued that the respondents displayed deliberate indifference for his "unsatisfactory education assignment" label.  He objected to the magistrate judge not including in the report and recommendation his access to the law

library claim. He objected to the pay he lost from the incorrect "unsatisfactory" label. He also objected to the magistrate judge not addressing his contention that the courts deprived him of liberty by not considering the learning disability issue at his trial. On November 9, 2009, the petitioner filed a second set of objections. This set mostly addresses the Privacy Act. The petitioner alleges that he lost $4,000.00 in wages from the "unsatisfactory" label and that the respondents are liable to him for damages under the Privacy Act.

For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

III. <u>Discussion</u>

A. <u>Title 28, United States Code, Section 2241</u>

While the petitioner did not state under what authority he was filing his petition, his petition challenged the loss of GCT and the petitioner expressly stated that he wished to file a § 2241 petition. The petitioner knew as early as March 12, 2009 that the magistrate judge construed his case as a § 2241 motion. A § 2241 motion is used to attack the manner in which a sentence is executed. <u>See</u> <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 499-500 (1973). This Court, therefore, agrees with the magistrate judge, that because the petitioner lost GCT, the petitioner correctly requested to file a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The jurisdiction of federal courts is limited to live cases or controversies. U.S. Const. art. III § 1. When a case no longer presents a viable legal issue to resolve, the case becomes moot. <u>Powell v. McCormick</u>, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. <u>Blanciak v. Allegheny Ludlum Co.</u>, 77 F.3d 690, 698-699 (3d Cir. 1996).

In this case, the BOP removed the unsatisfactory education assignment and restored the lost GCT. Because the petitioner already received the relief he would have been entitled to under a successful habeas challenge, this Court cannot offer the petitioner any meaningful relief. Any claim that the petitioner lost GCT

because of alleged discrimination for the petitioner's alleged learning disability or because of alleged deliberate indifference must be dismissed as moot as the BOP removed the unsatisfactory education assignment and restored his GCT.

B.  Privacy Act

In his response to the respondents' motion to dismiss, the petitioner, for the first time, states that his case should have been brought under the Privacy Act, 5 U.S.C. § 552a.  Under the Privacy Act, federal agencies must "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination."  5 U.S.C. § 552a(e)(5).  A person may file a civil action against an agency if it refuses to amend its records when it is asked or if it:

> fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual.

5 U.S.C. § 552a(g)(1)(C); 552a(g)(1)(A).  If an agency acted willfully or intentionally, a court may award actual damages to the individual for the amount sustained as a result of the record error.  5 U.S.C. § 552a(g)(4)(A).

The Privacy Act further requires that a litigant sue the agency that allegedly violated the statute.  5 U.S.C. § 552a(g)(1).

6

Here, the petitioner did not sue the BOP. Even if he had, he would still not have a viable claim. Under the Privacy Act, "the director of an agency may promulgate regulations to exempt any of the agency's systems of records from certain parts of the Privacy Act . . . ." Brown v. Bureau of Prisons, 498 F. Supp. 2d 298, 302 (D.D.C. 2007)(citing 5 U.S.C. § 552a(j)(2)). The BOP has exempted its Inmate Central Records System from subsections (d) and (g) of the Privacy Act. Id.; 28 C.F.R. § 16.97(a)(4), (b)(3). "This system contains records relating to the care, classification, subsistence, protection, discipline, and programs of federal inmates." 67 Fed. Reg. 31,371 (May 9, 2002). These records may include "work and payroll records," "program selections, assignment and performance or progress reports," and "educational data, including industrial and vocational training." Id. Thus, the petitioner "effectively is barred from obtaining any remedy, including damages, for BOP's alleged failure to maintain records pertaining to him with the requisite level of accuracy." Brown, 498 F. Supp. 2d at 302.

D. Access to the Law Library

A federal court has no authority to "'give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of California v. United States, 506 U.S. 9, 12 (1992)(quoting Mills v. Green, 159 U.S. 651, 653 (1895)). As mentioned above, a case becomes moot when "the issues

presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982)(quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980)). Where a prisoner seeks injunctive relief from an allegedly unconstitutional prison condition, the prisoner's subsequent transfer from the institution with the challenged condition renders the claim moot. See Magee v. Waters, 810 F.2d 451 (4th Cir. 1987)(prisoner's request for injunctive relief on inadequacy of law library claim rendered moot by transfer of prisoner); Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991) (transfer of prisoner mooted claims for injunctive and declaratory relief regarding allegedly unconstitutional prison conditions).

In this case, subsequent to the filing of his complaint, the petitioner was transferred to another institution. Because his complaint challenges access to the law library at USP - Hazelton, the petitioner's complaint, to the extent that he seeks injunctive relief, is moot because he no longer has a legally cognizable interest in the adequacy of the law library at USP - Hazelton.

E. Discrimination

The federal court's alleged deprivation of liberty in not providing the petitioner a hearing during his trial on his alleged learning disability is raised for the first time in the petitioner's response to the respondents' motion to dismiss. Because this claim is unrelated to his federal habeas petition, and is mentioned for the first time in a supplemental brief, this Court

need not address this objection to the magistrate judge's report and recommendation. Stancik v. CNBC, 420 F. Supp. 2d 800, 808 (N.D. Ohio 2006)("District courts are not required to conjure up questions never squarely presented to them . . . . To do so would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.")(citing Beaudett v. City of Hampton, 775 F.2d 1274, 1279 (4th Cir. 1985)).

IV. Conclusion

For the reasons set forth above, this Court concludes, after a de novo review, the ruling of the magistrate judge is ADOPTED and AFFIRMED in its entirety. Accordingly, the respondents' motion to dismiss, or in the alternative, motion for summary judgment is GRANTED and the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:   January 26, 2010

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE